F. S. HARMON MANUFACTURING COMPANY, PETITIONER, *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65334. Filed May 25, 1960.

*E. N. Eisenhower, Esq.*, and *George M. Hartung, Jr., Esq.*, for
the petitioner.
*George E. Constable, Esq.*, for the respondent.

DRENNEN, *Judge:* Respondent determined an income tax defi-
ciency against petitioner for the fiscal year ending November 30,
1950, in the amount of $38,699.10, resulting from the disallowance of
a part of a net operating loss deduction carried back from the fiscal
year 1951. Petitioner claims an overpayment in the amount of
$203.04 based upon an additional deduction of $527.33 for State
excise and compensating tax, the right to this deduction being con-
ceded by respondent.

The only issue is whether petitioner was required to secure the
permission of respondent before changing from the unit or specific-
quantity basis to the dollar-value basis in computing the value of
its inventories for the fiscal year 1951 under the Lifo method.

FINDINGS OF FACT.

The facts stipulated are so found.

Petitioner is a corporation with its principal office at 1938 Pacific
Avenue, Tacoma, Washington. Its income tax returns for the fiscal
years ending November 30, 1950, and November 30, 1951, were filed
with the collector of internal revenue for the district of Washington.

Petitioner engaged in the manufacture of furniture. Its principal
products included dressers, vanity dressers, nightstands, china cab-
inets, buffets, credenzas, mattresses, upholstered furniture, and dinette
sets. The styles and designs of the furniture produced by petitioner
changed constantly, as did the materials used; although the func-
tions of the various items of furniture remained the same.

Pursuant to section 22(d), I.R.C. 1939, petitioner properly elected
to adopt the Lifo method of computing inventories in 1941 and filed
a Form 970 as required by the regulations with its return for that
year. At that time respondent's Regulations 111, section 29.22(d)–1,
required the use of the quantity or specific-item basis for valuing
inventories under the Lifo method, which involved the matching of
specific items or quantities in the beginning and ending inventories
rather than dollar amounts. Petitioner's election to use the Lifo
method stated that:

The inventory at November 30, 1941, analyzed in the accompanying schedules, has been valued in accordance with the requirements of section 22(d) of the Internal Revenue Code, and in conformity with the regulations issued thereunder, as follows:

> Goods of the specified type have been segregated into natural groups on the basis of similarity in factory processes, raw materials used, and style, shape or use. Each group of products has been clearly defined and described.

Petitioner listed and described 336 natural groups in its election, and these groups were used in the November 30, 1941, inventory. This method of inventorying goods was thereafter used consistently by petitioner from November 30, 1941, through November 30, 1950.

Petitioner's inventory of November 30, 1950, was segregated into 316 groups, although the inventory actually contained 10,000 to 11,000 different items, each group consisting of inventory items which were identical or similar in nature. For example, bedroom benches were segregated into three groups—solid, plywood, and special benches. All solid benches were included in one group, even though they differed as to size, shape, style, and material used. As a result, the cost of items within a group varied substantially.

The number of items in each group was physically counted as of the closing inventory date. If the number of items in a group in the closing inventory was less than or equal to the number of items in that group in the beginning inventory, it was considered to be the same contained in the beginning inventory and was assigned the cost or value of the beginning inventory items. If the number of items in a group in the ending inventory exceeded the number in that group in the beginning inventory, an equal number of the closing items was assigned the cost of the beginning items and the excess was valued at current-year prices. If a closing inventory item could not be matched against an opening inventory item, it was assigned the current-year costs and consequently some of the lower costs disappeared from inventory values.

According to petitioner's accountant, the use of this quantity basis for valuing a complex and ever-changing inventory, such as petitioner's, was not only cumbersome but also distorted income. He recommended that petitioner change to the dollar-value basis of computing its inventories, utilizing a much smaller number of groupings and matching dollars rather than items in these groups in the opening and closing inventories.

Petitioner valued inventories as of November 30, 1951, on the dollar-value basis dividing the total value of its November 30, 1950, inventory into what it considered to be nine natural groups and matched the dollar-value of items on hand in those groups at November 30, 1951, against the dollar-value of the various groups at the beginning of that year and assigned the beginning-of-the-year

value to an equal amount of the ending-year inventory. Any excess in the ending inventory was valued at current-year prices under a formula based on price indexes.

The value of petitioner's inventory at November 30, 1951, when determined on the dollar-value basis was $1,458,139.66, whereas the value of the same inventory on the same date determined on the quantity basis as used in the past was $1,558,676.03; the use of the dollar-value basis would therefore increase petitioner's net loss for the fiscal year November 30, 1951, by approximately $100,000. On its income tax return for the fiscal year 1951, petitioner reported the lower amount as its closing inventory and made no mention of the change in basis for valuing the closing inventory. Petitioner made no adjustment in the figure used for opening inventory and it could not be determined from the return itself that the method of computing inventories was different from that used in computing the opening and prior years' inventories. The return indicated only that the inventories were valued under the Lifo method. Petitioner has continued to use the dollar-value basis for computing the cost of its inventories since 1951.

Petitioner did not obtain or attempt to obtain approval of respondent when it changed from the quantity basis to the dollar-value basis of computing the cost of its inventories in 1951. In his notice of deficiency respondent determined that petitioner's inventory for 1951 should be computed on the quantity basis "because permission of the Commissioner to make such change was neither requested nor secured."

### OPINION.

The question before us is whether a taxpayer can change from the unit or quantity basis for computing the value of its inventories under the Lifo method to the dollar-value basis for computing the value of its inventories under the Lifo method without first obtaining the approval of respondent.[1] Petitioner contends that changing from the quantity basis to the dollar-value basis, which it is claimed more clearly reflects the income of its business, is simply a change in procedure in valuing inventories which does not require prior approval. Respondent claims that using the dollar-value basis constituted a change in the basis of valuing petitioner's closing inventory, different from that used in prior years and in computing petitioner's opening inventory, and that this constituted a change in method of accounting which required his prior consent, which consent was neither sought nor obtained, and that

---

[1] A detailed explanation of the differences between the quantity and the dollar-value bases of computing inventories under Lifo is contained in *Hutzler Brothers Co.*, 8 T.C. 14, and *Edgar A. Basse*, 10 T.C. 328, and is not thought necessary in this opinion.

the quantity basis, if used consistently, would clearly reflect petitioner's income. Respondent recomputed the value of petitioner's closing inventory at November 30, 1951, on the quantity basis consistent with the method used by petitioner for previous years.

Respondent does not contend that the dollar-value basis of valuing petitioner's inventories would not clearly reflect petitioner's income and submitted no evidence on whether the quantity basis or dollar-value basis would more clearly reflect petitioner's income, but relied entirely on petitioner's failure to obtain permission to change. The only evidence on the question of which method would more clearly reflect petitioner's income was the testimony of petitioner's accountant who testified that because petitioner's inventory was complex and constantly changing in style and design, the quantity basis resulted in distorting income, and that the dollar-value basis would more clearly reflect petitioner's income.

No particular method of accounting is given preference under the law. Sec. 41, I.R.C. 1939.[2] But because any change in method of accounting is seldom possible without distortion of income, respondent has been given broad administrative discretion to reject any change, not only in the method of accounting but also the accounting treatment of items materially affecting taxable income, made without his prior consent and approval, to insure that distortions arising therefrom are not at the expense of the revenue. *Advertisers Exchange, Inc.*, 25 T.C. 1086, affirmed per curiam 240 F. 2d 958 (C.A. 2).

This is particularly true with respect to inventories. Section 22(c) provided:

SEC. 22. GROSS INCOME.

(c) INVENTORIES.—Whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

Respondent's regulations interpreting the above section, Regs. 111, sec. 29.22(c), recognized that inventory rules cannot be uniform throughout all businesses but must give effect to trade customs, and that greater weight should be given to consistency than to any method of inventorying or basis of valuation so long as the method

---

[2] All section references herein are to the 1939 Code unless otherwise indicated. The pertinent portion of section 41 is as follows:

SEC. 41. GENERAL RULE.

The net income shall be computed * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *

or basis used is substantially in accord with the regulations. However, a method or basis properly adopted was to be controlling for subsequent years, and an application for permission to change the basis of valuing inventories was required to be made in writing and filed with respondent as provided in section 29.41–2.

Section 29.41–2 of Regulations 111 provided that a taxpayer who changes his method of accounting in keeping his books shall, before computing his income tax on the new method, secure the consent and approval of respondent. For purposes of this section, a change in the method of accounting was defined to include "a change involving the basis of valuation employed in the computation of inventories."

There is little doubt in our minds that a change from the quantity basis of valuing inventories under the Lifo principle to the dollar-value basis of valuing inventories under the Lifo principle, as occurred here, constitutes such a change in the *basis of valuing inventories* as contemplated in the regulations, and that respondent's requirement of prior consent and approval to make such a change is not an abuse of his discretion in administering the statutory provisions above mentioned for the protection of the revenues.

The facts in this case well illustrate the reason for the above conclusion. Valuing petitioner's closing inventory as of November 30, 1951, on the dollar-value basis resulted in a value of approximately $100,000 less than the value of the same inventory computed on the quantity basis, and consequently resulted in approximately $100,000 less net income for that fiscal year. Yet, there was nothing on petitioner's return for its fiscal year 1951 which indicated that any different basis of valuing inventories had been used, the only statement being that inventories were computed on the Lifo method as they had been in prior years. Furthermore, as is well illustrated in *Klein Chocolate Co.*, 32 T.C. 437,[3] various adaptations of the dollar-value basis within the Lifo principle can result in considerable differences in inventory values.

Petitioner, nevertheless, contends that section 22(d) of the Code, adopted by section 118 of the Revenue Act of 1942, as interpreted by this Court in *Hutzler Brothers Co.*, 8 T.C. 14, and *Edgar A. Basse*, 10 T.C. 328, authorized the use of the dollar-value basis or any other basis for computing the value of inventories properly adaptable to the Lifo principle for the particular business if that basis clearly reflects income, and that when respondent amended section 29.22(d) of Regulations 111, in T.D. 5756, 1949–2 C.B. 21,

---

[3] This case is again pending in this Court by virtue of the granting of petitioner's motion to be allowed to reopen the record for evidence of consistent use of the single-pool dollar-value method.

following our decisions in the *Hutzler* and *Basse* cases, respondent recognized that if a taxpayer has properly elected the Lifo method and consistently uses the so-called dollar-value basis in pricing inventories, or any other method of computation established to the satisfaction of respondent as reasonably adaptable to the purpose and intent of section 22(d), a switch to such basis is permissible without respondent's prior consent if that basis correctly reflects income. We do not agree.

Section 22(d)(1) of the Code, adopted by section 118 of the Revenue Act of 1942, effective for all taxable years beginning after 1938, provided that a taxpayer may use the last-in, first-out, or Lifo, method in inventorying goods, whether or not such method was prescribed under subsection (c), but only with respect to inventorying goods specified in an application to use such method filed at such time and in such manner as respondent may prescribe. Section 22(d)(3) also provided that the change to and use of the Lifo method shall be in accordance with such regulations as respondent may prescribe as necessary in order that the use of such method may clearly reflect income, and section 22(d)(5) provided that if the taxpayer had applied for permission to use the Lifo method and had used it for any taxable year, then such method should be used in all subsequent taxable years, unless with the approval of respondent a change to a different method was authorized.

In 1942, petitioner filed the necessary application to use the Lifo method of computing its inventories. At that time Regulations 111, section 29.22(d), described Lifo inventories in terms of units and quantities and required the applicant to attach schedules analyzing in detail taxpayer's inventories at the beginning and end of the year and showing in detail the manner in which costs were computed with respect to raw materials, goods in process, and finished goods, segregating the products into natural groups. Petitioner's application and accompanying schedules valued its inventory at November 30, 1941, on a quantity basis, and each year thereafter through November 30, 1950, petitioner continued to value its inventories on that basis.

In *Hutzler Brothers Co.*, *supra*, this Court held that a taxpayer operating a department store and using the dollar-value retail basis for computing the value of its inventories could elect the Lifo method and continue to value its inventories on the dollar-value retail basis. Shortly thereafter this Court also decided *Edgar A. Basse*, *supra*, in which we held that the matching of dollars rather than quantities was a permissible basis for valuing inventories under the Lifo method. Thereafter, respondent in T.D. 5756, 1949-2

C.B. 21, amending section 29.22(d) of his regulations, recognized that if a taxpayer consistently uses the so-called dollar-value method of pricing inventories, or any other method of computation established to the satisfaction of respondent as reasonably adaptable to the purpose and intent of section 22(d), and if such taxpayer elects to use the Lifo method, "the taxpayer's opening and closing inventories shall be determined under section 22(d) by the use of the appropriate adaptation." However, respondent's regulations, while recognizing that the use of the dollar-value basis was permissible under Lifo, did not at that time and have not to date provided how the dollar-value basis should be used, or, specifically, whether a switch from the quantity basis to the dollar-value basis requires the permission of respondent.

We know of no case wherein the question before us has been specifically dealt with by the courts. A case involving a somewhat similar situation is that of *Klein Chocolate Co.*, *supra*, wherein petitioner also applied for permission to use the Lifo method but failed to file with its application a detailed statement of the manner in which its inventory was computed. For the years 1946 and 1947 there involved, petitioner computed its inventory on the dollar-value basis using a single pool for all of its inventories. Respondent did not contest petitioner's right to use the dollar-value basis but only its right to use a single pool for its entire inventory, and thus the precise issue here involved was not reached. Nevertheless, we, in effect, concluded that petitioner would have to obtain respondent's approval before switching from computation of inventories on a multiple-pool grouping to a single-pool grouping even within the framework of the dollar-value basis under the Lifo method. If respondent's permission is required to change the groupings for purposes of the dollar-value computation, it would reasonably follow that permission would also have to be obtained to change from the quantity basis to the dollar-value basis.

Petitioner points out that it complied with the regulations by applying for permission to use Lifo in 1942 and that it used the quantity procedure for computing the cost of its inventories under the Lifo method prior to 1951 only because that was the only basis of valuation recognized by respondent in the regulations then in effect, and that it should not be penalized by respondent's erroneous interpretation of section 22(d). This argument was rejected in *R. H. Macy & Co.* v. *United States*, 255 F. 2d 884 (C.A. 2), and *Kaufmann and Baer Company, et al.* v. *United States*, 133 Ct. Cl. 510, 137 F. Supp. 725.

It may well be that if petitioner had sought respondent's approval of the change, a reasonable adaptation of the dollar-value

basis might have been permitted by respondent. As said in *Brown v. Helvering*, 291 U.S. 193, 204: "It is not the province of the court to weigh and determine the relative merits of systems of accounting." But petitioner failed to do this and we find no abuse of discretion on the part of respondent in his present position. Nor do we interpret any of the cases cited or T.D. 5756 as granting blanket authorization to all taxpayers to switch to the dollar-value basis of valuing inventories without prior permission.

We conclude that petitioner was required to obtain the permission of respondent before changing the basis for computing the value of its closing inventory for its fiscal year ending November 30, 1951, and having failed to do so, our decision must be for respondent on this point. *Advertisers Exchange, Inc., supra.*

Respondent stipulated that petitioner is entitled to an additional deduction of $527.33 for State excise and compensating tax. Consequently,

*Decision will be entered under Rule 50.*